**PREVATT v. COMPANHIA de NAVAGACCO MARITIMA NETUMAR.**
No. 70-3808.
Circuit Court, Duval County.
September 2, 1970.

S. Perry Penland, Jacksonville, for plaintiff.

Harold B. Wahl of Loftin & Wahl, Jacksonville, for defendant.

HENRY F. MARTIN, Jr., Circuit Judge.

This matter coming on to be heard after due notice in the matters hereinafter referred to, upon consideration the court finds —

Originally plaintiff sued Netumar Lines, case no. 69-8703, in this court, where after hearing before the court the parties on February 24, 1970, stipulated for dismissal without prejudice and with the following proviso —

> "Should plaintiff file a suit in rem against the Motor Vessel *Diana,* counsel for the defendant, upon issuance of process against the vessel and the vessel being in the port of Jacksonville, Florida, will enter an appearance for the vessel, and the plaintiff will not physically attach or seize the vessel."

The parties advise the court they consider themselves still bound by the foregoing.

Thereafter, this suit was instituted, was reassigned to this division, and defendant moved both for summary judgment and to dismiss, including lack of jurisdiction.

The affidavits and other papers show that at the time of the incident here involved, the vessel was under the command and control of a compulsory pilot. As a matter of law, under such circumstances, plaintiff has no cause of action against the owner of the vessel.

As stated by Baer *On Admiralty Law of the Supreme Court,* Second Edition, §13.1 —

> Local state laws may require that vessels maneuvering in state waters be put in charge of pilots licensed by the state. When a vessel is being operated by such a compulsory pilot and it causes damage due to the pilot's negligence the vessel is liable in an action *in rem* but there is no personal liability on the owner. ******

### At 48 Am. Jur. 366, *Shipping* §536, it is held —

> ****** if it is compulsory upon the master to take a pilot, and, a fortiori, if he is bound to do so under a penalty, neither he nor the owner will be liable in an action at law for injuries occasioned by the negligence of the pilot, for in such a case the pilot cannot be deemed properly the servant of the master or the owner. In admiralty, however, the vessel is liable in rem for damage caused by the negligence of a compulsory pilot, not upon any theory of agency, but upon the principle of the maritime law that the vessel, in whosesoever hands she lawfully is, is herself considered as the wrongdoer liable for the tort, and subject to a maritime lien for the damages.

### Further, see 29A Fla.Jur. 454, 447 —

> In admiralty, a vessel is liable in rem for damage caused by the negligence of a compulsory pilot, but in an action at law for injuries so caused, neither the master nor the owner is liable, as in such a case the pilot cannot be deemed properly the servant of either of them. Whether

or not the bond required of a Florida pilot can be reached in an action against him for injuries or damage caused by his negligence is not clear. (p. 454).

The power of the several states to require vessels entering or leaving their ports to take on local pilots, or when local pilotage is refused, to become liable for pilotage fees, is well established. The Florida pilotage laws provide that all steamers or vessels entering or leaving any port shall be subject to pay pilotage to any licensed pilot performing his duty on board or to the pilot who first speaks to that vessel. Statutes of this nature are usually deemed coercive and compulsory even though they offer the alternative of accepting a pilot or paying his fees. In addition, it is a criminal offense for anyone to act as a pilot for any port of the state without a license from the board of pilot commissioners, and a fine may be imposed for each offense.

Plaintiff has now filed her libel and complaint in the United States District Court for the Middle District of Florida, Jacksonville Division, civil action no. 70-666-Civ.-J., where she proceeds in rem against the vessel.

Wherefore, it is ordered and adjudged that this cause be, and the same is hereby, dismissed without prejudice to the right of the plaintiff to proceed in rem against the vessel.